IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.     CAUSE NO. 1:19-CR-133-LG-RHW-1

**RAY PARHAM**

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is the [24] Motion for Compassionate Release filed by defendant, Ray Parham. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Defendant's Motion should be denied.

### BACKGROUND

On November 8, 2019, Parham entered a plea of guilty to one count of conspiracy to possess with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 846. On March 4, 2020, the Court sentenced Parham to 72 months' imprisonment, 5 years' supervised release, a $10,000 fine with interest waived, and a $100 special assessment. He is currently housed at FCI La Tuna in Anthony, New Mexico, and is scheduled to be released on April 21, 2024.

On April 12, 2021, Parham filed a *pro se* Motion for Compassionate Release based on his fear of serious illness if he were to contract COVID-19. Parham cites his medical problems, including hyperlipidemia, hypertension, stents from myocardial infarction, and his compromised immune, pulmonary, and cardiac systems as creating a higher risk of death. He also claims that the staff at FCI La

Tuna fail to provide adequate medical care. On April 28, 2021, the Government filed a response in opposition to the Motion, arguing that (1) Parham had not demonstrated any extraordinary or compelling reason to grant a reduction, and (2) the § 3553 factors weigh against his release. Parham's counsel then filed a Notice of Intent advising the Court that he did not intend to file a supplemental reply.

## DISCUSSION

As an initial manner, the Court finds that the Government has waived its objection to Parham's failure to exhaust his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, No. 20-5997, 2020 WL 7132458 (U.S. Dec. 7, 2020) (citation omitted). Regarding the merits of his Motion, Parham, a 48-year-old male, cites the dangerous conditions at FCI La Tuna, as well as his health conditions, as the grounds justifying release.

A court can reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Court also must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not issued a relevant policy since the First Step Act ("FSA") amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to file motions for

compassionate release.[1] The old pre-FSA policy statement appears in U.S.S.G. § 1B1.13, and only applies to "'motion[s] of the Director of the Bureau of Prisons.'" *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (quoting U.S.S.G. § 1B1.13). In *Shkambi*, the Fifth Circuit expressly stated that "neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582. The district court . . . is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *Shkambi*, 993 F.3d at 393. Regardless, the Fifth Circuit recognizes that § 1B1.13 is informing to the "analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *see also United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020). Although not binding on the Court, § 1B1.13 suggests that the following are deemed extraordinary and compelling reasons warranting a sentence reduction: (1) the defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons. U.S.S.G. § 1B1.13, cmt. n.1; *see also Thompson*, 984 F.3d at 433. Relevant to the analysis here is whether Parham's "medical conditions" justify release. The Court finds that Parham's "medical conditions" do not suffice, are not terminal, and do not substantially diminish his ability to provide self-care in the institutional setting, or otherwise present extraordinary and compelling reasons justifying compassionate release. *Thompson*, 984 F.3d at 433 (citing U.S.S.G. §

---

[1] Prior to enactment of the First Step Act, only the Bureau of Prisons could file motions for compassionate release.

1B1.13 cmt. n.1(A)).  The Court recognizes that Parham's heart and neurological conditions can make him more susceptible to serious illness should he contract COVID-19.  *People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 11, 2021).  The record reflects that Parham is receiving medical care for these conditions.  (*See* Medical Records, ECF Nos. 29, 29-1).

Moreover, a generalized fear of contracting COVID-19 does not justify compassionate release.  *See Thompson*, 984 F.3d at 435.  There are currently two confirmed cases at FCI La Tuna amongst inmates.  *See COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov.coronavirus/ (last visited May 11, 2021).  Parham claims that the health care he is receiving at FCI La Tuna is inadequate, but has provided no evidence in support.  The Government asserts that the BOP is taking significant measures to protect the health of the inmates in its charge.  The Government also argues that Parham was offered and received the first dose of the COVID-19 Moderna vaccine on March 31, 2021, and will be fully vaccinated soon after.  Although not 100% effective at preventing COVID-19 infection, the vaccine substantially reduces the risk of serious illness or death from COVID-19, even in patients with high-risk medical conditions.  *See United States v. Schad*, No. 2:17-225-3, 2021 WL 1845548, at *3 (S.D. Tex. May 5, 2021) (footnote omitted).  Therefore, the Court finds Parham's claims, and generalized concerns of contracting

COVID-19, are not an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A) justifying his release.

The § 3553(a) factors also disfavor a sentence reduction. *See* 18 U.S.C. § 3553(a). Parham entered a plea of guilty to the count listed against him in the bill of information. He had a total offense level of 31 and a criminal history category of III. (Presentence Investig. Report ("PSR"), at ¶¶ 43, 51, at 9, 13, ECF No. 18). The nature of Parham's offense involves possession with intent to distribute more than 500 grams but less than five kilograms of cocaine. The PSR reflects that Parham has committed previous drug crimes, dating back to 1991 when Parham was 18 years old. (PSR, ¶¶ 45-51, at 9-13, ECF No. 18). Based on his offense level and criminal history, Parham's guideline range was 135 months to 168 months, but he was sentenced to 72 months, well below the lower end of that range. (*See id.* at ¶ 77, at 18). He has also served less than 50% of his sentence. The Court recognizes mitigating factors, such as Parham's certificates of completion in various continuing education classes, such as Algebra, Reading Mysteries, World War I, and Civil War History. (*See generally* Certificates, ECF No. 31). Parham even took a class studying Shakespeare. *Id.* Parham also has a supporting family that would help him finish his therapy if he were to be released. *Id.* at 11. However, the Court finds that a reduction in Parham's sentence would not reflect the gravity of his offense, nor provide adequate deterrence thereto. For all these reasons,

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [24] Motion for Compassionate Release filed by defendant, Ray Parham, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 12th day of May, 2021.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE